**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
DAVID ROSENBERG, Individually and On : No. 1:17-cv-00025
Behalf of All Others Similarly Situated, :
 :
 : **CLASS ACTION**
Plaintiff, :
 :
 :
vs. :
 :
 :
ALLERGAN PLC (f/k/a ACTAVIS PLC), :
BRENTON L. SAUNDERS, PAUL M. :
BISARO, MARIA TERESA HILADO, and :
ROBERT TODD JOYCE, :
 :
 :
Defendants. :
------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF SJUNDE AP-FONDEN AND UNION ASSET MANAGEMENT HOLDING AG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1
FACTUAL BACKGROUND .................................................................................................... 4
ARGUMENT .............................................................................................................................. 5
I.  AP7 and Union Should be Appointed Lead Plaintiff ........................................................ 5
    A.  AP7 and Union's Motion is Timely ........................................................................ 6
    B.  AP7 and Union Have the Largest Financial Interest in the Relief
        Sought by the Class ................................................................................................. 6
    C.  AP7 and Union Satisfy the Requirements of Federal Rule of Civil
        Procedure 23 ............................................................................................................ 7
        1.  The Claims of AP7 and Union Are Typical ............................................... 7
        2.  AP7 and Union Are Adequate .................................................................... 8
II. The Court Should Approve AP7 and Union's Selection of Counsel .............................. 10
CONCLUSION ........................................................................................................................ 13

# TABLE OF AUTHORITIES

**CASES**

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
 258 F.R.D. 260 (S.D.N.Y. 2009) ............................................................................................... 9

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001) ................................................................................................. 3, 8

*In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*,
 586 F.3d 703 (9th Cir. 2009) ................................................................................................. 10

*Glauser v. EVCI Career Colls. Holding Corp.*,
 236 F.R.D. 184 (S.D.N.Y. 2006) ............................................................................................. 3

*Lipetz v. Wachovia Corp.*,
 No. 08-cv-6171 (RJS), 2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) ...................................... 6

*Sabbagh v. Cell Therapeutics, Inc.*,
 Nos. C10-414MJP, *et al.*, 2010 WL 3064427 (W.D. Wash. Aug. 2, 2010) ............................. 9

*Sgalambo v. McKenzie*,
 268 F.R.D. 170 (S.D.N.Y. 2010) ............................................................................................. 7

**STATUTES**

15 U.S.C. § 78u-4 ....................................................................................................... *passim*

**OTHER AUTHORITIES**

H.R. Conf. Rep. No. 104-369 (1995) ................................................................................. 2-3, 8

Sjunde AP-Fonden ("AP7") and Union Asset Management Holding AG ("Union") respectfully submit this memorandum of law in support of their motion for the entry of an order: (1) appointing AP7 and Union as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approving AP7 and Union's selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") and Motley Rice LLC ("Motley Rice") as Lead Counsel on behalf of the proposed class.

## INTRODUCTION

Pending before this Court is a securities fraud class action lawsuit (the "Action") brought on behalf of all persons or entities who purchased or otherwise acquired Allergan plc securities between February 25, 2014, and November 2, 2016, inclusive (the "Class Period").[1] The Action charges Allergan and certain of its officers and directors (collectively, "Defendants") with violations of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA.

The Action alleges that Defendants issued numerous untrue and misleading statements concerning the Company's business, operations, management, and the intrinsic value of Allergan's securities, thus artificially inflating the price of its securities. When these misrepresentations were revealed to the public, the market value of the Company's securities declined precipitously, causing the proposed class to suffer significant losses and damages.

---

[1] Prior to June 15, 2015, Allergan plc was known as Actavis plc. Allergan plc and Actavis plc are collectively referred to herein as "Allergan" or the "Company." Two related actions are presently pending in the United States District for the District of New Jersey: *Forden v. Allergan plc, et al.*, No. 16-cv-9449-SDW-LDW (D.N.J. filed Dec. 22, 2016); and *Arslanian v. Allergan plc*, No. 17-cv-0002-SDW-LDW (D.N.J. filed Jan. 2, 2017) (the "*Arslanian* Action"). The *Arslanian* Action was originally filed on November 4, 2016, in the Central District of California but was voluntarily dismissed on January 2, 2017, and refiled that same day in the District of New Jersey. *See Arslanian v. Allergan plc, et al.*, No. 16-cv-08254, ECF No. 8 (C.D. Cal. filed Jan. 2, 2017) (notice of voluntarily dismissal). Separately, another action was filed in the Southern District of New York and was voluntarily dismissed on January 3, 2017. *See Haile v. Allergan plc, et al.*, No. 16-cv-08661, ECF No. 9 (S.D.N.Y. filed Jan. 3, 2017) (notice of voluntarily dismissal).

The PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the federal securities laws. Specifically, the PSLRA requires the appointment of the movant: (1) making a timely motion under the PSLRA's 60-day deadline; (2) who asserts the largest financial interest in the relief sought by the class; and (3) who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

AP7 and Union respectfully submit that they are the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. AP7 and Union's motion is timely, and their losses of approximately $55,073,084 on a first-in, first-out ("FIFO") basis or approximately $51,553,254 on a last-in, first-out ("LIFO") basis in connection with their transactions in Allergan ordinary shares during the Class Period represent the largest known financial interest in the relief sought by the class. *See* Certifications and Loss Charts, Declaration of Naumon A. Amjed in Support of the Motion of Sjunde AP-Fonden and Union Asset Management Holding AG for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Amjed Decl."), Exs. A & B, submitted herewith.

In addition to asserting the largest financial interest in this Action, AP7 and Union satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the class and because they will fairly and adequately represent the interests of the class. Moreover, as sophisticated institutional investors collectively overseeing $290 billion in assets and with substantial experience serving successfully as lead plaintiffs in prior class action litigation under the PSLRA, including actions in this District, AP7 and Union are the prototypical lead plaintiff envisioned by Congress to represent shareholders in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("[I]ncreasing the

role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) (McMahon, J.) ("the PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one") (citation omitted); *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) (finding that the "the purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff").  Accordingly, AP7 and Union have both the incentive and ability to direct this litigation.

Further, as set forth in greater detail in the Joint Declaration of Richard Gröttheim, Marcus Hermanns, and Jochen Riechwald (the "Joint Declaration"), AP7 and Union are already operating as a cohesive group, fully understand the lead plaintiff's obligations to the class under the PSLRA, and are willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this Action.  *See* Amjed Decl., Ex. C.  In addition, prior to seeking a role as Lead Plaintiff, representatives of AP7 and Union held a joint conference call to discuss the merits of the Related Actions and their common goals in this litigation, and to formalize their oversight over this litigation.

Finally, AP7 and Union have retained experienced and competent counsel to represent the class.  Accordingly, AP7 and Union respectfully request that their selection of Kessler Topaz and Motley Rice as Lead Counsel for the class be approved.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The claims of the proposed class will be well protected by Kessler Topaz and Motley Rice, which have the expertise, experience, and resources necessary to handle litigation of this nature and scale.

**FACTUAL BACKGROUND**

Allergan, an Irish corporation with its U.S. administrative headquarters in Parsippany, New Jersey, is a global specialty pharmaceutical company engaged in the development, marketing, and distribution of pharmaceutical products. During the Class Period, Allergan sold branded and generic pharmaceutical products that it manufactured and distributed pharmaceutical products manufactured by other pharmaceutical companies.

Allergan was incorporated as Actavis plc on May 16, 2013. On March 17, 2015, Actavis plc acquired Allergan, Inc. and, on June 15, 2015, changed its name to Allergan. Subsequently, on July 26, 2015, Allergan entered into a master purchase agreement with Teva Pharmaceutical Industries Limited ("Teva"), under which Teva agreed to acquire, among other assets, Allergan's global generics business unit, Actavis. On August 2, 2016, Allergan completed the divesture of its Actavis unit to Teva.

The Action alleges that, throughout the Class Period, Defendants made materially false and misleading statements and failed to disclose material adverse facts about Allergan's business, operational and compliance policies, and financial results. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Allegan's Actavis unit had colluded with other generic pharmaceutical manufacturers to fix generic drug prices in violation of antitrust laws; and (2) as a result, the Company's revenues were attributable in part to illegal conduct.

The truth gradually emerged through a series of corrective disclosures. First, on August 6, 2015, Allergan announced that it had "received a subpoena from the United States Department of Justice ('DOJ') seeking information relating to the marketing and pricing of certain of the Company's generic products and communications with competitors about such products." On

this news, the price of Allergan ordinary shares fell $17.17 per share, or approximately 5%, to close at $319.47 per share on August 6, 2015.

Then, on November 3, 2016, *Bloomberg* published an article titled, "U.S. Charges in Generic-Drug Probe to Be Filed by Year-End." According to the article, after the DOJ's nearly two-year investigation into suspected price collusion by more than a dozen companies, including Actavis, U.S. prosecutors were expected to bring criminal charges for federal antitrust violations. On this news, the price of Allergan ordinary shares fell $9.07 per share, or more than 4.5%, to close at $188.82 per share on November 3, 2016.

## ARGUMENT

### I. AP7 and Union Should be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

Here, AP7 and Union are the "most adequate plaintiff" because they: (1) have filed a timely motion for appointment as Lead Plaintiff; (2) possess the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisf[y] the requirements of Rule 23" for purposes of this Motion.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### A.   AP7 and Union's Motion is Timely

The PSLRA allows members of the class to move for appointment as lead plaintiff within sixty (60) days of the publication of notice that the first action has been filed.  *See id*. § 78u-4(a)(3)(A)(i)(II).  Here, in connection with the original filing of the *Arslanian* Action, the first-filed action, notice was published on November 4, 2016, in *Business Wire*.  *See* Amjed Decl., Ex. D.  Thus, January 3, 2017, is the deadline for class members to seek appointment as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(A).[2]  Accordingly, AP7 and Union have timely moved this Court for appointment as Lead Plaintiff.

### B.   AP7 and Union Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA presumes that the movant or movant group asserting the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Here, AP7 and Union suffered substantial losses of approximately $55,073,084 on a LIFO basis or approximately $51,553,254 on a FIFO basis in connection with their purchases of Allergan ordinary shares during the Class Period.  *See* Amjed Decl., Exs. A & B.[3]

---

[2]   The dismissal of the *Arslanian* Action in the Central District of California and its refiling in the District of New Jersey does not alter the lead plaintiff deadline.  *See Lipetz v. Wachovia Corp.*, No. 08-cv-6171 (RJS), 2008 WL 4615895, at *1 n.2 (S.D.N.Y. Oct. 10, 2008) (using PSLRA deadline from notice of first complaint despite subsequent voluntary dismissal); *Arslanian*, No. 16-cv-08254, ECF No. 8 (C.D. Cal. filed Jan. 2, 2017) (noting that "Lead Plaintiff motions . . . are due January 3, 2017").

[3]   Union obtained valid assignments of claims that were executed prior to filing this motion for appointment as lead plaintiff.  *See* Union's Decls. of Assignment, Amjed Decl., Ex. A.

AP7 and Union are not aware of any other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation.

        C.        **AP7 and Union Satisfy the Requirements of Federal Rule of Civil Procedure 23**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23…." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a proposed lead plaintiff need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23." *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (Scheindlin, J.) (citation and internal quotation marks omitted). Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* at 173-74 (citation omitted). Adequacy "is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . .'" *Id.* at 174 (citation omitted).

        1.        **The Claims of AP7 and Union Are Typical**

AP7 and Union purchased or otherwise acquired a substantial amount of Allergan securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and suffered damages when the truth was revealed to the market. AP7 and Union's claims therefore arise from the same factual predicate as those in the complaints of the Action. *See id.* Accordingly, AP7 and Union satisfy the typicality requirement.

7

### 2. AP7 and Union Are Adequate

Here, AP7 and Union are adequate because their significant financial stake in the litigation ensures that they have the ability and incentive to vigorously pursue the claims against Defendants. Indeed, AP7's and Union's interests in aggressively pursuing claims against Defendants are perfectly aligned with the interests of other class members who were similarly harmed as a result of Defendants' false and misleading statements. There are no facts to suggest any actual or potential conflict of interest or other antagonism between AP7 and Union and other class members. Moreover, as set forth in AP7's and Union's sworn PSLRA Certifications, AP7 and Union each has affirmatively demonstrated its willingness to prosecute this Action for the benefit of the class. *See* Amjed Decl., Ex. A. AP7 and Union have also demonstrated their adequacy through the selection of Kessler Topaz and Motley Rice as Lead Counsel for the class. As discussed more fully below, Kessler Topaz and Motley Rice are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated their ability to prosecute complex securities class action litigation in an efficient, effective, and professional manner.

In addition to satisfying the requirements of Rule 23, AP7 and Union—large, sophisticated institutional investors collectively responsible for overseeing over $290 billion in assets—are the type of investors Congress sought, through the enactment of the PSLRA, to encourage to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) ("[I]ncreasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *Cendant*, 264 F.3d at 273 ("the purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff").

Moreover, the appointment of a group of class members as lead plaintiff is expressly permitted by the PSLRA.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As set forth in their Joint Declaration, AP7 and Union have demonstrated their commitment to working cohesively as a group in the vigorous and efficient prosecution of this Action.  *See* Amjed Decl., Ex. C; *see also In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (appointing group of institutional investors and noting "declarations demonstrating cooperative efforts among" the group's members); *Sabbagh v. Cell Therapeutics, Inc.*, Nos. C10-414MJP, *et al.*, 2010 WL 3064427, at *6 (W.D. Wash. Aug. 2, 2010) (the "declarations address every concern raised by courts who have questioned the ability of previously-unrelated group[s]" to represent the class).

Among other things, the Joint Declaration details:

- the due diligence and motivations underlying the decision of AP7 and Union to jointly seek appointment as Lead Plaintiff, including the significance of their financial losses and the desire to provide the class with representation by like-minded, highly-motivated, and sophisticated institutional investors (Amjed Decl., Ex. C at ¶¶ 4-10);

- steps taken by AP7 and Union to formalize their commitment to work together, including their participation in a conference call during which they discussed the merits of the litigation, their interest in serving jointly as Lead Plaintiff, and measures to ensure effective coordination of their prosecution of the litigation (*id.* at ¶¶ 7-11, 14);

- AP7's and Union's acknowledgment and acceptance of their duties and obligations to all class members if appointed as Lead Plaintiff and their commitment to seek the largest possible recovery for the class (*id.* at ¶¶ 2-4, 15); and

- the reasons underlying the selection of Kessler Topaz and Motley Rice to serve as Lead Counsel and AP7's and Union's commitment to oversee counsel and ensure that Kessler Topaz and Motley Rice will aggressively, yet efficiently, prosecute this litigation under their direction (*id.* at ¶¶ 12-13).

Drawing upon their collective resources and experience, AP7 and Union's partnership is well-suited for this litigation and would advance the interests of the class.  Indeed, AP7 and

9

Union are sophisticated institutional investors that have substantial experience serving as lead plaintiffs in complex securities class actions, including in securities class actions in this District. *See id*. at ¶¶ 2-3; *In re JPMorgan Chase & Co. Sec. Litig.*, No. 12-cv-3852 (S.D.N.Y.) ($150 million recovery with AP7 serving as co-lead plaintiff and Kessler Topaz serving as lead counsel); *In re Barrick Gold Sec. Litig.*, No. 13-cv-03851 (S.D.N.Y.) ($140 million recovery with Union serving as co-lead plaintiff and Motley Rice serving as lead counsel); *Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, No. 08-cv-06324 (D. Minn.) ($85 million recovery with Union serving as co-lead plaintiff and Kessler Topaz and Motley Rice serving as co-lead counsel); *In re Hewlett-Packard Co. Sec. Litig.*, No. 11-cv-01404 (C.D. Cal.) ($57 million recovery with Union serving as co-lead plaintiff and Motley Rice serving as co-lead counsel). As such, AP7's and Union's prior service as a lead plaintiff and sophistication as institutional investors will provide a considerable benefit to the class.

**II.   The Court Should Approve AP7 and Union's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice").

Here, AP7 and Union have selected Kessler Topaz and Motley Rice to serve as Lead Counsel for the proposed class. Kessler Topaz and Motley Rice are among the preeminent securities class action law firms in the country. *See* Amjed Decl., Ex. E (Kessler Topaz's Firm Résumé); Amjed Decl., Ex. F, (Motley Rice's Firm Résumé).

Kessler Topaz has substantial experience representing shareholders in securities class actions.  The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-1335-B (D.N.H. 2002) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-MDL-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery).  Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions, including: *In re Ocwen Financial Corporation Securities Litigation*, No. 14-cv-81057-CIV-WPD (S.D. Fla.) (serving under AP7's leadership as lead plaintiff and as a court-certified class representative); and *Washtenaw County Employees' Retirement System v. Walgreen Co., et al.*, No. 15-cv-03187 (N.D. Ill.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA.  Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Limited Securities Litigation*, No. 11-cv-3658-SAS (S.D.N.Y.)—one of just thirteen securities class actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct).  The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr.  *See In re Southern Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Motley Rice also has substantial experience in the prosecution of shareholder and securities class actions. As the court noted in *KBC Asset Management NV v. McNamara*, No. 1:13-cv-01854-LPS-CJB, ECF No. 40 (D. Del. Feb. 2, 2015), Motley Rice is "comprised of attorneys who possess extensive experience as lead or co-lead counsel in complex litigation, and who have successfully represented shareholders in class and derivative actions."

Motley Rice's experience in the prosecution of securities class actions is derived from, among other things, its appointment as co-lead counsel in *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH, ECF No. 23 (D. Kan. June 5, 2009). On August 12, 2015, the court approved a settlement of $131 million for the *Sprint* class. More recently, Motley Rice was appointed sole lead counsel in *In re Barrick Gold Securities Litigation*, No. 1:13-cv-03851-RPP, ECF No. 26 (S.D.N.Y. Aug. 9, 2013). In that case, where Union served as lead plaintiff with another institutional investor, on December 2, 2016, the court approved a settlement of $140 million for the class.

Kessler Topaz and Motley Rice are not only each well-qualified and experienced law firms in their own right, but they have a successful record of working cooperatively together as lead counsel. For example, as noted above, the firms served as co-lead counsel in *Medtronic*, in which Union served as co-lead plaintiff together with other institutional investors in an action that resulted in a recovery of $85 million for investors. The firms also served as co-lead counsel in *Första AP-Fonden and Danske Invest Management A/S v. St. Jude Medical, Inc. et al.*, Case No. 0:12-cv-03070 (D. Minn.), which recently resulted in a recovery of $39.25 million for investors.

Accordingly, the Court should approve AP7 and Union's selection of Kessler Topaz and Motley Rice as Lead Counsel for the class.

## CONCLUSION

For the foregoing reasons, AP7 and Union respectfully request that the Court: (1) appoint AP7 and Union as Lead Plaintiff pursuant to the PSLRA; and (2) approve AP7 and Union's selection of Kessler Topaz and Motley Rice to serve as Lead Counsel for the proposed class.

DATED: January 3, 2017          Respectfully submitted,

**KESSLER TOPAZ
   MELTZER & CHECK, LLP**

*s/ Naumon A. Amjed*

Naumon A. Amjed
Darren J. Check
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com

**MOTLEY RICE LLC**
James M. Hughes
Gregg S. Levin
28 Brightside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
jhughes@motleyrice.com
glevin@motleyrice.com

*Counsel for Sjunde AP-Fonden and
Union Asset Management Holding AG and
Proposed Lead Counsel for the Class*